Maureen Mulligan (SB#182034)
RUBERTO, ISRAEL & WEINER, P.C.
255 State Street
Boston, MA 02109
Telephone: 617-742-4200
Facsimile: 617-742-2355

Attorneys for Plaintiffs
CRUNCHYROLL, INC. and
TV TOKYO CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| Crunchyroll, Inc., and TV TOKYO Corporation, by its attorney-in-fact, Crunchyroll, Inc., <br><br> vs. <br><br> Basil Hawkins, Dominik Ichiga, Susuke Uchiha, Aria Admiral, John Jones, Moe Ahmad, Trevort West, Treyston Kings, Eazy Andre, Racine Boumedo, Andres Nielson Adam Magyarfa and William Barrera | Case No.: CV11-02334-JCS <br><br> MOTION FOR ALTERNATE SERVICE OF PROCESS OF COMPLAINT <br><br> Hearing Date & Time: 8/12/11 at 9:30 a.m. |
|---|---|

**MOTION AND NOTICE OF MOTION**

PLEASE TAKE NOTICE that on Friday, August 12, 2011 at 9:30 a.m., or as soon thereafter as the matter can be heard before the Honorable Spero, United States District Court, Northern District of California, Plaintiffs Crunchyroll, Inc. and TV TOKYO Corporation will and hereby does move the Court pursuant to Fed.R.Civ.P. 4 for an Order Granting Alternate Service of Process of Complaint by allowing service of process by e-mail on all Defendants.

{00153675.DOC / 1}

1

Motion for Alternate Service of Process

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities set out below, all pleadings and papers filed herein, oral argument of counsel, and any other matter that may be submitted prior to or at the hearing.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Plaintiffs TV TOKYO Corporation and Crunchyroll, Inc. have filed a complaint against Defendants for copyright infringement. Each Defendant illegally copied Plaintiffs' copyrighted anime works and uploaded them to YouTube. Plaintiffs gave notice of the copyright infringement to YouTube asking that all the videos at issue be removed from the YouTube website. Each Defendant contested the claim of infringement and pursuant to the Digital Millennium Copyright Act, purported to provide their address and telephone numbers so that they could be contacted to resolve the dispute.

However, with the exception of two Defendants, Plaintiffs have determined that all of the physical addresses provided by Defendants are non-existent addresses. These Defendants provided false contact information. Defendants did, however, provide accurate e-mail addresses in their communications; and in fact, have sent and received e-mails from the accounts relative to the copyright infringement claims. As a result, Plaintiffs seek an order to serve the Complaint by e-mail.

The 9th Circuit and the California District Courts permit service of process through e-mail when the service is (1) directed by the court; (2) comports with due process; and for international parties (3) is not prohibited by international agreement. See, e.g. *Rio Properties, Inc. v. Rio International et. al.*, 284 F.3d 1007 (9th Cir. 2002). In this case, service by e-mail will comport with due process. Each Defendant has sent and received

communication from the e-mail accounts identified in this motion and, as such, there is concrete proof that e-mail service is reasonably calculated to give notice to each defendant. There is no barrier to e-mail service on the defendants who provided international addresses; in reference to these defendants, service by e-mail does not violate any international agreement. As such, Plaintiffs request that this court issue an order allowing service of the complaint by e-mail on each Defendant currently named or added as a defendant in the future who cannot be served by normal process and who has a valid e-mail address.

## II.   FACTS

### TV TOKYO and Crunchyroll

Plaintiff TV TOKYO Corporation ("TV Tokyo") is the world's leading distributor of anime video. Plaintiff Crunchyroll, Inc. ("Crunchyroll") is the operator of Crunchyroll.com, which distributes, via Internet streaming, anime television programs ("anime video") worldwide outside of Japan. Anime refers to animated movies or television programs originating in Japan. Its name is an abbreviated pronunciation in Japanese of "animation." Gao Affidavit, ¶2. The anime products that are at issue in this litigation are created in Japan in the form of television serials and distributed by TV Tokyo under the following series titles: Naruto, Naruto Shippuden and Bleach (collectively, the "Anime Serials"). Each of these Anime Serials consists of numerous television shows (each an "Anime Episode"). Each Anime Episode is first broadcast and publicly displayed in Japan by TV Tokyo. Gao Affidavit, ¶¶3-4.

Crunchyroll provides a streaming video service over the internet that allows viewing of Anime Serials by paid subscribers. Under arrangements with TV Tokyo, Crunchyroll makes Anime Episodes available for video streaming within thirty (30) minutes of the time

that they are first broadcast in Japan. Gao Affidavit, ¶4. After the first television broadcast screening of each new Anime Episode in Japan, Crunchyroll has a seven (7) day streaming exclusive during which only Crunchyroll may stream the Videos over the internet outside Japan. Gao Affidavit, ¶5. During that exclusive period, Crunchyroll offers the new Anime Episode in its paid subscription service that provides Anime content on demand. Except for Japan, this seven (7) day exclusivity period covers the entire world. Gao Affidavit, ¶6. This period of Crunchyroll exclusivity for streamed Anime episodes is known as the "On-Demand Window." After the end of the On-Demand Window, Anime Episodes are available online from Crunchyroll and others either in an on-demand subscription format or in the form of ad-supported free to-the-consumer streaming. Gao Affidavit, ¶7.

### Defendants' Infringing Acts

Defendants made illegal copies of Plaintiffs' Anime Episodes; and then uploaded the illegal copies to YouTube. Defendants never received permission from Plaintiffs to copy and upload the Anime Episodes. Gao Affidavit, ¶8. During Crunchyroll's seven-day exclusivity period, viewers are required to pay to see the latest Anime Episode. Gao Affidavit, ¶8. By uploading Plaintiffs' Anime Episodes onto YouTube, Defendants are making the Anime Episodes available for free to the viewing public.

Defendants' illegal copying and uploading onto YouTube was not, for the most part, an isolated incident. With the exception of Uchiha, West, and Andre, each defendant engaged in this activity on numerous occasions. Defendants copied and uploaded at least the following number of Anime Episodes (at the time the Complaint was filed) without permission from Plaintiffs:

| Basil Hawkins | 54 Anime Episodes |
| --- | --- |
| Aria Admiral | 8 Anime Episodes |
| Andres Nielson | 8 Anime Episodes |
| William Barrera | 4 Anime Episodes |
| Moe Ahmad | 3 Anime Episodes |
| Racine Boumedo | 3 Anime Episodes |
| Adam Magyarfa | 1 Anime Episodes |
| Dominik Ichiga | 2 Anime Episodes |
| John Jones | 2 Anime Episodes |
| Susuke Uchiha | 1 Anime Episodes |
| Trevort West | 1 Anime Episodes |
| Eazy Andre | 1 Anime Episodes |

Gao Affidavit, ¶9. Basil Hawkins is, by far, the most egregious Defendant. Over 20 million views have occurred on his postings. Gao Affidavit, ¶10.

There are multiple ways that Defendants could have copied the Plaintiffs' videos, but all involve copying by using the internet. Defendants could have captured the streaming video distributed by Plaintiffs or they could have downloaded copies available elsewhere on the internet. In each case, their subsequent upload and publishing of the video copies on YouTube was unauthorized copying and distribution. Gao Affidavit, ¶11. In order to upload the Anime Episodes to YouTube, each Defendant must open a YouTube account. As part of this process, they provide an e-mail address to YouTube. YouTube is a video sharing website on which users can upload, share and view videos. Gao Affidavit, ¶12. But, in order to lawfully upload a video, the person must either own the copyright or have permission to use the video from the copyright owner. To protect hosting sites such as YouTube from inadvertent copyright violations by hosting impermissive content, the Digital Millennium

Copyright Act provides a mechanism for a safe harbor for the listing site <u>and</u> creates obligations for the uploading party to truthfully and accurately identify itself when there is a challenge of copyright infringement. 17 U.S.C. §512.

**<u>Digital Millennium Copyright Act</u>**

Under the Digital Millennium Copyright Act ("DMCA") 17 U.S.C. §512, a copyright owner who discovers that their copyrighted material has been posted on the web may notify the host site, such as YouTube, of the infringement. This process is described as sending a "take-down" notice. With regard to the Infringed Anime Episodes, Crunchyroll, on its own behalf and on behalf of TV Tokyo, provided YouTube with notices to "take down" the infringing Anime Episodes (that is, remove from the YouTube site). YouTube responded by removing the infringing content. Gao Affidavit, ¶13. Pursuant to the DMCA, when a host such as YouTube removes content from a registered user's account pursuant to an infringement notice, it <u>must</u> notify the customer of their statutory right to provide (if they choose) a "counter-notification" challenging the removal by stating it was due to a mistake or misidentification of the material; *i.e.*, essentially claiming that the posting party is the true owner of the material. After a counter-notification is received from the hosting site, the material may be put back up within ten (10) business days if the copyright owner has not filed a lawsuit by that time. 17 U.S.C. §512.

In order to facilitate the resolution of the copyright dispute, and allow service of process on the alleged infringers, the counter notification must provide each alleged infringer's actual name, address and phone number under 17 U.S.C. §512 (g)(3)(D). The statute also requires the party providing the counter notification to consent to jurisdiction for any lawsuit filed as a result of the dispute and consent to accepting service of process, by including the

following in the counter-notifications:

> a. "I consent to the jurisdiction of the Federal District Court for the district in which my address is located, or if my address is outside of the United States, the judicial district in which YouTube is located, and <u>will accept service of process from the</u> claimant (emphasis added); and
>
> b. "I swear, under penalty of perjury, that I have a good faith belief the material was removed due to a mistake or misidentification of the material to be removed or disabled." *Id.*

### Take Down Notice and Counter Notice

YouTube notified each Defendant by e-mail that it had received a takedown notice from Plaintiffs relative to the Anime Episodes each Defendant uploaded onto YouTube. Gao Affidavit, ¶14. In response to each of the "take down notices", each Defendant provided YouTube with a "counter- notification" sent from the same e-mail address where he/she had received the take down notice from YouTube. (*See* Affidavit of Kun Gao at paragraph 15, which shows notice of take down and counter-notice provided by each Defendant along with the identity of infringing content.)

In addition, each of the Defendants provided YouTube the acknowledgement outlined above (or an equivalent English translation), consenting to jurisdiction and agreeing to accept service of process from Plaintiffs. *Id.* Each Defendant also provided an address, but despite the statutory requirement that the alleged infringer provide a <u>true</u> address and <u>accept service of process</u>, all but two of the Defendants provided non-existent physical addresses. Affidavit of Jayne Mahoney, ¶¶3-14.

After filing the Complaint in this action, Plaintiffs attempted to serve each defendant with a copy of the Complaint at the physical address provided in their "counter-notification." For the six Defendants who had provided addresses in the United States, Plaintiffs sent a copy

{00153675.DOC / 1}
7

Motion for Alternate Service of Process

of a request to waive service of summons by Federal Express overnight mail. Plaintiffs were informed by Federal Express or the United States Postal Service that addresses provided by four of the defendants do not exist:

(a) Aria Admiral: 825 Locust Ave., Apt. 103, Long Beach, CA 90813

(b) Trevor West: 17 Turnback Lane, Auburn Cayuga County, NY 13021

(c) Treystonn Kings: 44 Canon Drive Lane, New York Bronx, NY 10451

(d) Eazy Andre: 1002 Oaktree Drive, Orlando, FL 32861

*See* Affidavit of Jayne Mahoney, ¶¶6, 9, 10, and 11.

Complaints were delivered by Federal Express on the remaining two domestic defendants, Moe Ahmand and William Barreira, providing them with a waiver of service. Those packages have not been returned as undeliverable although Plaintiffs have not been able to confirm whether the two defendants actually live at those addresses. Plaintiffs are in the process of serving the two defendants by sheriff but seek the court order in the name of Moe Ahmand and William Barreira as well in the event that the sheriff determines they do not live at the addresses provided.

The remaining defendants provided addresses outside of the United States to YouTube in connection with their counter notifications. Plaintiffs attempted to serve each of the seven Defendants who identified themselves as residing at addresses outside the United States through Federal Express Overnight Mail. Federal Express would not take any of the packages because all addresses were identified as non-existent by the company. *See* Affidavit of Jayne Mahoney, ¶¶3, 4, 5, 7, 12, 13 and 14.

Plaintiffs have been unable to serve eleven (11) of the Defendants in the traditional manner because all have provided false physical addresses. Therefore, Plaintiffs seek an order of the court allowing alternate service of process by e-mail.

### III. ARGUMENT

Allowing service of process by e-mail is not a novel issue in this Jurisdiction. *See RIO Properties, Inc. v. RIO International Interlink*, 284 F.3d 1007 (9th Cir. 2002). In instances where a plaintiff has shown that notice by e-mail is the most likely form of service to reach a defendant, California District Courts and the 9th Circuit have been in the forefront of allowing this type of alternate service. *See, e.g., Id.; Craigslist, Inc. v. Christopher Meyer et al*, 2016 U.S. Dist. LEXIS 89955 (N. D. CA, 2010); *Williams-Sonoma, Inc. v. Freindfinder, Inc.*, 2007 U. S. Dist. LEXIS 31299 (N. D. CA 2007). The Federal Rules of Civil Procedure permit service by e-mail as long as the service comports with the constitutional notions of due process. In this case, Defendants' communications have been conducted solely over the internet. Defendants' failure to comply with the DMCA and to provide accurate addresses for service of process should not be rewarded. Communications with Defendants by e-mail have proven to be the only method of communication that has been confirmed to reach Defendants, and this court should order that e-mail service is proper in this case.

#### A.   **The Federal Rules of Civil Procedure Permit Service by E-Mail**

The 9th Circuit has held that Federal Rule of Civil Procedure 4(f)(3) permits service by e-mail on foreign defendants. *Rio Properties, Inc. v. Rio International Interlink*, 284 F.3d 1007, 1016-1017 (9th Cir. 2002). Federal Rule of Civil Procedure 4(f) provides, in pertinent part:

> Service Upon Individuals in a Foreign Country. Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed … may be effected in a place not within any judicial district of the United States:
>
> (1) by any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention …; or

(2) if there is no internationally agreed means of service or the applicable international agreement allows other means of service, provided that service is reasonably calculated to give notice:

(A) in the manner prescribed by the law of the foreign country for service in that country in an action in any of its courts of general jurisdiction; or

(B) as directed by the foreign authority in response to a letter rogatory or a letter of request; or

(C) …

(3) by other means not prohibited by international agreement as may be directed by the court.

There is no hierarchy in Rule 4(f) indicating that traditional service of process needs to be undertaken before seeking to serve pursuant to 4(3)(f). "Rule 4(f)(3) may allow the district court to order a special measure of service even if other methods of service remain incomplete or unattempted." *Rio Properties* 284 F.3 at 1015. Service under 4(f)(3) is "neither a last resort nor extraordinary relief." *Id.* at 1016. The district court has the discretion to determine when the particularities and necessities of a given case require alternate service of process under Rule 4(f)(3). *Id.* at 1016. Any form of alternate service on an international party must be (1) directed by the Court; (2) comport with due process; and (3) not be prohibited by international agreement. *Id.* at 1007.[1]

The Federal Rules of Civil Procedure also permit alternate service of process on defendants residing within the United States. Rule 4(e) governs service of process upon

---

[1] Fed.R.Civ.P. 4(3)(f) requires any alternate service ordered by the court to comply with relevant international agreements. In this case, the foreign defendants provided addresses in Great Britain, Japan, Canada, Denmark, and Hungary. To determine whether international law prohibits service via e-mail against each of these defendants, the court normally must look at the Hague convention on service. However – the Hague convention does not apply when a defendant's address is unknown. Art. I Hague Convention, 20 U.S.T. 361 1969 WL 07765 @*1; *United States v. Distribuidoa Batiz CGH et al*, 2011 U.S. Dist LEXIS 43747 ( As to each of the defendants whose address is not known, the Hague Convention does not apply and service under rule 4(f) is not prohibited by the Hague convention). Each foreign Defendant has submitted a non-existent address thereby creating a situation where the address of the foreign Defendant is unknown. Therefore, there is no international agreement prohibiting service. *Chanel, Inc. v. Liu Zhixian*, 2010 U.S. Dist. Lexis 50745 *6 (S.D. FLA 2010) (where defendant submits false address, his address is considered "unknown" and Hague Convention does not apply).

individuals within a judicial district of the United States. Fed.R.Civ.P. 4(e) states that:

> Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States:
>
> (1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or
>
> (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

The goal of Fed.R.Civ.P. 4 is to "provide for maximum freedom and flexibility in the procedures for giving all defendants...notice of commencement of the action and to eliminate unnecessary technicality in connection with the service of process." *Electrical Specialty Co. v. Road and Ranch Supply, Inc.*, 967 F.2d 309, 314 (9th Cir. 1992). Due process requires that any service of notice be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Pursuant to Fed.R.Civ.P. 4(e) (1), the court must look at the law of California, the state in which this United States District court sits, to determine the sufficiency of service by e-mail.

The California Code does not include a provision prohibiting service by e-mail and in fact provides a framework for alternate service:

> "Where no provision is made in this chapter or other law for the service of summons, the court in which the action is pending may direct that summons be served in a manner which is reasonably calculated to give actual notice to the party to be served and that proof of such service to be made as prescribed by the court." Cal. Civ. Code sec. 413.30.

Service by e-mail on both foreign and domestic defendants comports with due process because it is the notice most likely to reach Defendants.

### 1. Service by E-mail On Each Defendant in This Action Comports with the Constitutional Notions of Due Process

A method of service comports with due process if it is "reasonably calculated under all circumstances to apprise the interested parties of the pendency of the action and afford them an opportunity to present their objections". *Rio Properties*, 284 F.3d at 1016-1017.

In *Rio Properties*, Rio filed a trademark claim against defendant, RII, for operating a website where the domain name infringed on Rio's trademark. RII had registered the alleged infringing domain names to an address in Florida, but no one at this location was authorized to accept service on RII's behalf. Rio could not locate a physical address to serve a Complaint on RII, but did locate an e-mail address. Rio also determined that RII conducted its business communications through e-mail. Unable to serve the complaint at a physical location, Rio filed an emergency motion to serve RII by e-mail. The *Rio Properties* court held that "RII had neither an office nor a door; it only had a computer terminal. If any method of communication is reasonably calculated to provide RII with notice, surely it is e-mail – the method of communication which RII utilizes and prefers." *Id.* at 1018. When parties are "playing hide and seek with the federal court, email may be the only means of effecting service." *Id.*

Although each defendant in this litigation provided a physical address in their counter notifications to YouTube, except for two of the addresses, none are actual physical locations. Defendants knew from the form of the take down notice that they were required by the DMCA to provide <u>accurate</u> and truthful contact information to facilitate the service of a lawsuit. But none complied. Shortly after receiving Defendants' counter-notifications,

Plaintiffs made an attempt to serve each Defendant at the address provided by Defendants in their counter-notifications. Only two addresses were real addresses and none of the other complaints could be delivered. Here, Defendants deliberately sought to deceive by providing false addresses. The fact that Defendants are attempting to hide their true location/identity should not be condoned, nor should the burden be on Plaintiffs to ferret out true addresses for purposes of notice of a lawsuit.

The 9th Circuit recognizes that Defendants may not "play hide and seek with the federal court", and if they do, e-mail may be the only means of effecting service of process" *Id.* at 1018. In this case, hiding is exactly what is happening. Defendants deliberately ignored a federal law requiring truthful notice of their location. The DMCA requires that <u>only</u> those <u>contesting</u> a copyright claim provide an address so the dispute between the parties can be adjudicated. Here, unless Plaintiffs can serve by e-mail, they will not be able to reach Defendants to provide notice of this lawsuit.

In this case there is absolutely no question that e-mail is the method of preferred communication most likely to reach each defendant. All Defendants have engaged in communications through their e-mail addresses which is evidence that each is an active and monitored account. When YouTube provided Plaintiffs' "take down notice" to each Defendant at their e-mail address, **ALL DEFENDANTS** responded from that same e-mail address with a counter notification to YouTube. *See* Affidavit of Kun Gao paragraph 15. This is actual evidence that communications between YouTube and each defendant regarding the copyright violations at issue in this litigation have reached defendants. From these communications it is clear that ALL DEFENDANTS are receiving communications through their e-mail addresses set out at Exhibit <u>A</u> to the Affidavit of Jayne Mahoney; and that service

of the Complaint by e-mail would apprise each of the defendants of the pending litigation.

Further, since the DMCA requires Defendants in counter-notifications to <u>consent to jurisdiction and agree to accept service</u> – the fact that a lawsuit may be filed in not unknown to them, nor is the fact that they may receive e-mail communications regarding the alleged copyright infringement by e-mail unexpected. The purpose of providing accurate information in the counter-notification is so that Plaintiffs can serve and notify Defendants of a lawsuit.

## IV.   CONCLUSION

For all of the reasons stated above, Plaintiffs request an order from the court:

(a)   allowing service of process by e-mail on all currently-named Defendants at the e-mail address provided on Exhibit "A" attached to the Affidavit of Jayne L. Mahoney; and

(b)   allowing service of process by e-mail on any defendant added as party after the entry of this Order in instances where defendant (i) provided a false or non-existent physical address in response to a DMCA takedown notice and (ii) provided such service is sent to the e-mail address where defendant's counter notification originated.

CRUNCHYROLL, INC. and TV TOKYO CORPORATION, By its attorney-in fact Crunchy Roll, Inc. Plaintiffs,

By their attorney,

Dated: June 22, 2011

_Maureen Mulligan_
Maureen Mulligan, SB# 182034
Ruberto, Israel & Weiner, P.C.
255 State Street
Boston, MA 02109
(617) 742-4200 (Tel)
(617) 742-2355 (Fax)
mmulligan@riw.com (Email)

14

Motion for Alternate Service of Process

Maureen Mulligan (SB#182034)
RUBERTO, ISRAEL & WEINER, P.C.
255 State Street
Boston, MA 02109
Telephone: 617-742-4200
Facsimile: 617-742-2355

Attorneys for Plaintiffs
CRUNCHYROLL, INC. and
TV TOKYO CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Crunchyroll, Inc., and TV TOKYO Corporation, by its attorney-in-fact, Crunchyroll, Inc., <br><br> vs. <br><br> Basil Hawkins, Dominik Ichiga, Susuke Uchiha, Aria Admiral, John Jones, Moe Ahmad, Trevort West, Treyston Kings, Eazy Andre, Racine Boumedo, Andres Nielson Adam Magyarfa and William Barrera | Case No.: CV11-02334-JCS <br><br><br> CERTIFICATE OF SERVICE |

I, Maureen Mulligan, do hereby certify that I have served copies of the foregoing Motion for Alternate Service of Process of Complaint, together with the Table of Contents and Table of Authorities, Affidavit of Jayne L. Mahoney, Affidavit of Kun Gao, and a Proposed Order on the defendants in this matter via the e-mail addresses listed on Exhibit "A" to the Affidavit of Jayne L. Mahoney.

SIGNED UNDER THE PENALTIES OF PERJURY THIS ___ DAY OF JUNE, 2011.

_____
Maureen Mulligan

00155353.DOC / 1}